**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jason L. QUAIL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 11, 1999.
Filed March 24, 1999

---

5. In the alternative, the Commonwealth suggests that we should remand this case for an evidentiary hearing to determine if trial counsel had a reasonable basis for his decision. However, as it is clear from the record that counsel was ineffective, we can resolve this issue without a remand, *see Commonwealth v. Pursell,* 555 Pa. 233, ——, 724 A.2d 293, 303–04 (1999), which would merely add to the considerable delay that has already occurred in this matter.

Jason L. Quail, pro se, appellant.

Stuart B. Suss, Asst. Dist. Atty., West Chester, for Com., appellee.

Before FORD ELLIOTT, ORIE MELVIN and BROSKY, JJ.

BROSKY, J.

¶ 1 This is an appeal from an order denying appellant relief under the PCRA. Appellant asserts that he lost his appeal rights due to counsel's ineffectiveness, that his plea was unlawfully induced and that the sentence imposed was disproportionate to that given his co-defendant's. We remand for the provision of counsel and the filing of a counseled brief.

¶ 2 On February 19, 1997, appellant, represented by George J. D'Ambrosio, Esquire, pled guilty to a count of burglary and a count of aggravated assault. Both charges arose from a break-in of Michael Tyman's residence and subsequent assault upon him. Appellant's plea was accepted by the Honorable Leonard Sugerman who later imposed a sentence of four to twenty years imprisonment on the aggravated assault charge. No sentence was imposed on the burglary charge. A motion to reconsider was filed and denied. No appeal was filed.

¶ 3 On October 21, 1997, appellant filed a *pro se* petition for post-conviction relief under the PCRA alleging that his guilty plea was involuntary as counsel had promised him he would receive no more than three years imprisonment. William R. Noll, Esquire was appointed to represent appellant. Mr. Noll did not file an amended PCRA petition but did represent appellant at a hearing held on June 10, 1998 before the Honorable Juan R. Sanchez, who assumed responsibility for the case due to the death of Judge Sugerman. After the hearing, Judge Sanchez denied appellant's petition. Appellant responded by filing the present appeal *pro se* and submitting a brief in his behalf. Mr. Noll never filed an appearance on appellant's behalf in this court and apparently has had no involvement in the case since the hearing of June 10, 1998.

¶ 4 As just stated, the present appeal from the denial of appellant's PCRA petition was filed by the appellant *pro se*. Appellant was represented by counsel in PCRA proceedings below, however, for whatever reason counsel did not file the appeal presently before us. More importantly, after appellant filed his appeal *pro se* counsel neither entered an appearance on appellant's behalf in this court nor was

counsel granted leave to withdraw his representation.

¶ 5 The Pennsylvania Rules of Criminal Procedure and our caselaw make clear that an indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA. *Commonwealth v. Hampton*, 718 A.2d 1250 (Pa.Super.1998). This right to representation exists "throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief." Pa.R.Crim.P. 1504(d). It is equally clear that once counsel has entered an appearance on a defendant's behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance. *Commonwealth v. Keys*, 397 Pa.Super. 453, 580 A.2d 386 (1990).

¶ 6 Inasmuch as appellant has not been afforded counsel in the present appeal yet is entitled to representation we are obligated to remand the present case back to the PCRA court so that appellant can have the benefit of a counseled appeal. Upon remand the PCRA court may either direct appellant's PCRA counsel to resume his stewardship of appellant's appeal or new counsel may be appointed.[1]

¶ 7 In the future, when presented with a scenario where an indigent petitioner files a *pro se* appeal from a first PCRA petition, the PCRA court should take one of two actions: the PCRA court should either promptly notify counsel of record that his client has taken an appeal and that counsel remains obligated to represent him[2], or the PCRA court should appoint new counsel to represent the appellant on appeal. This action would alleviate the need of this court to remand cases back to the PCRA court and would further expedite the appeals process.

¶ 8 Consistent with the above discussion we remand to the PCRA court so that appellant can be provided with counsel. Once counsel has been provided, either by appointment of new counsel or by the entrance of an appearance by prior counsel, counsel shall file a brief with this court within sixty days.[3] The Commonwealth will then be permitted thirty days to file a responsive brief. The case will then be ready for disposition by this court and we will proceed to address the merits of appellant's appeal.

¶ 9 Remanded for provision of counsel and the filing of an appellate brief. Jurisdiction retained.

¶ 10 FORD ELLIOTT, J., Concurs in the Result.

---

1. Since the record before us does not indicate whether counsel of record was ever notified of the fact that his client took a *pro se* appeal we are unable to determine whether appellant is proceeding *pro se* of his own accord or because of counsel's refusal to file an appeal on his behalf. Consequently, it is unclear whether the appointment of new counsel is necessary or even advisable. We shall leave this determination for the PCRA court.

2. Should the PCRA court choose this approach counsel of record would have essentially three options. Counsel could resume his representation and file an advocate's brief in appellant's behalf, counsel could resume his representation and file a *Turner/Finley* brief in this court or counsel could petition the PCRA court for leave to withdraw prior to the filing of a brief with this court.

3. The Commonwealth notes in its brief that the notes of testimony from the PCRA hearing were not transcribed. Should counsel be unable to timely file a brief due to this fact counsel can petition the court for an extension of time to file a brief near the expiration of the sixty day period.