J-S66023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALEXI SANTIO DELMORAL, | : | |
| | : | |
| Appellant | : | No. 2140 MDA 2013 |

Appeal from the PCRA Order Entered November 4, 2013,
In the Court of Common Pleas of Dauphin County,
Criminal Division, at No. CP-22-CR-0001140-2011.

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED DECEMBER 29, 2014** Appell

the reasons that follow, we vacate and remand for further proceedings.

Following a jury trial, Appellant was convicted of one count of aggravated assault ("AA"), one count of recklessly endangering another person ("REAP"), and two counts of persons not to possess a firearm. Appellant was sentenced on June 22, 2011. Appellant filed a direct appeal and this Court affirmed the judgment of sentence on June 8, 2012. ***Commonwealth v. Delmoral***, 1500 MDA 2011, 53 A.3d 926 (Pa. Super. filed June 8, 2012) (unpublished memorandum). No petition for allowance of appeal to the Pennsylvania Supreme Court was filed.

Appellant, *pro se*, filed a PCRA petition on September 14, 2012. Counsel was appointed and filed an amended PCRA petition on November

16, 2012, seeking reinstatement of Appellant's direct appeal rights. Petition for Relief Pursuant to the Post Conviction Relief Act, 11/16/12, at 3. By order dated December 4, 2012, the PCRA court reinstated Appellant's right to file a petition for allowance of appeal, *nunc pro tunc*. Appellant filed a petition for allowance of appeal on January 2, 2013, and on May 14, 2013, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Delmoral**, 67 A.3d 793 (Pa. 2013).

On September 19, 2013, Appellant filed the instant PCRA petition *pro se*. On November 4, 2013, the PCRA court issued an order denying Appellant's petition on the basis that "all of the claims that [Appellant] raised have been previously litigated in his first Petition for Post Conviction Relief." PCRA Court Opinion, 11/4/13. Appellant filed a notice of appeal on December 2, 2013. Both Appellant and the PCRA court complied with the dictates of Pa.R.A.P. 1925.

The Superior Court, by order filed February 28, 2014, granted Appellant's application for appointment of counsel on the basis that Appellant was an **indigent first time** PCRA petitioner.[1] The PCRA court

---

[1] The order provided as follows:

> Upon consideration of appellant's *pro se* application for appointment of counsel, filed February 28, 2014, the application is hereby GRANTED as follows:

J-S66023-14

complied with that order and appointed current counsel to represent Appellant on the instant appeal. PCRA court order, 3/27/14.

Appellant presents the following issue for our review:

Did the trial court err in denying Appellant's request for relief under the Post Conviction Relief Act by concluding that Appellant had previously litigated the claims brought in said request for relief when Appellant was never given the opportunity to fully develop his arguments?

Appellant's Brief at 4.

Although not raised by the parties, we nevertheless address the timeliness of the instant PCRA petition as it is jurisdictional in nature. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Cintora**, 69

---

Within 30 days of the date of this order, the trial court shall appoint new counsel and notify this Court of its determination. **See Commonwealth v. Quail**, 729 A.2d 571 (Pa. Super. 1999)(indigent first-time PCRA petitioner is entitled to representation by counsel). Immediately upon being appointed, counsel shall enter his or her appearance in this Court.

The Prothonotary is directed to forward copies of this order to the trial court.

Per Curiam

**Commonwealth v. Delmoral**, 2140 MDA 2013 (Pa. Super. filed February 28, 2014)(order).

-3-

A.3d 759, 762 (Pa. Super. 2013) (citing **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove

---

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Because the PCRA court reinstated Appellant's direct appeal right to file an allowance of appeal *nunc pro tunc*, in response to Appellant's PCRA petition filed November 16, 2012, Appellant's instant petition is considered his first PCRA petition. "[W]hen a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." *Commonwealth v. Turner*, 73 A.3d 1283, 1286 (Pa. Super. 2013). *See also Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (quoting *Commonwealth v. O'Bidos*, 849 A.2d 243, 252 n.3 (Pa. Super. 2004)) ("It is now well[-]established that a PCRA petition brought after an appeal *nunc pro tunc* is considered [an] appellant's first PCRA petition, and the one year time clock will not begin to run until this appeal *nunc pro tunc* renders his judgment of sentence final."). Thus, Appellant's instant PCRA petition, filed September 19, 2013, is his first. Indeed, this Court previously deemed Appellant's instant petition to be Appellant's first PCRA petition. *Commonwealth v. Delmoral*, 2140 MDA 2013 (Pa. Super filed February 28, 2014) (order directing the trial court to appoint counsel for Appellant because he was an indigent, first-time PCRA petitioner.).

The record reflects that, after Appellant filed his petition for allowance of appeal, the Pennsylvania Supreme Court denied that petition on May 14, 2013. *Commonwealth v. Delmoral*, 67 A.3d 793 (Pa. 2013). Accordingly, Appellant's judgment of sentence became final on August 12, 2013, ninety days after the Pennsylvania Supreme Court denied *allocatur* and the time expired for Appellant to file an appeal with the United States Supreme Court. 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. Appellant had one year from the date that judgment became final, or until August 12, 2014, to timely file a PCRA petition. Appellant filed the instant PCRA petition on September 19, 2013. Thus, Appellant's September 19, 2013 PCRA petition is timely.

Because Appellant's instant PCRA petition is timely, a review of the merits of the petition is warranted. Appellant argues that the PCRA court erred in denying him relief under his current PCRA petition on the basis that his claims were previously litigated in his initial PCRA petition. Appellant's Brief at 13. Appellant maintains that ineffective assistance of trial counsel "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* at 14. Appellant contends that trial counsel was ineffective for the following reasons:

> 1) for failing to object [to] irrelevant evidence elicited by the Commonwealth; 2) for failing to sufficiently cross-examine witnesses regarding previous statements made by the witnesses; and 3) failing to argue against imposition of the mandatory term of imprisonment under 42 Pa.C.S.A § 9714.

*Id.* at 15. The PCRA court erred, according to Appellant, in denying his instant PCRA petition because these issues have not been previously litigated or waived. *Id.*

The Commonwealth agrees with Appellant's assertion that the PCRA court erred in denying Appellant's instant PCRA petition on the basis that the claims contained therein had been previously litigated. The Commonwealth filed a letter with this Court indicating that it did not intend to file a brief in this case because it concurs with Appellant's assertion that the PCRA court erred in dismissing Appellant's petition without addressing the merits therein. Letter from Deputy District Attorney, Joseph P. Cardinale, Jr., 9/10/14, at 1.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Carr*, 768 A.2d at 1166).

> To qualify for relief under the PCRA, an appellant must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.A. § 9543(a)(2); that his claims have not been previously litigated or waived; and that the failure to litigate the issue prior to or during trial or on direct appeal could not have

been the result of any rational, strategic, or tactical decision by counsel. *Id.* § 9543(a)(3), (a)(4). An issue is previously litigated if "the highest appellate court in which [the appellant] could have had review as a matter of right has ruled on the merits of the issue." *Id.* § 9544(a)(2). An issue is waived if the appellant "could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* § 9544(b).

*Commonwealth v. Bomar*, ___ A.3d ___, ___, 2014 WL 6608963 at *4 (Pa. 2014) (November 21, 2014).

As noted and for reasons outlined above, we have determined that Appellant's instant PCRA petition is his first. Additionally, we conclude that Appellant's claims have not been previously litigated. Because the PCRA court granted Appellant's previous PCRA petition by reinstating Appellant's direct appeal right to file an allowance of appeal, this Court, which is the highest appellate court in which Appellant could have had review as a matter of right, did not have an opportunity to review the merits of the claims in Appellant's previous PCRA petition. *See* 42 Pa.C.S. § 9544(a)(2) (stating that an issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue.") Accordingly, we are constrained to conclude that the merits of Appellant's claims, that trial counsel was ineffective, have not been previously litigated. Therefore, the PCRA court erred in denying Appellant's instant PCRA petition on the basis that the claims contained therein were previously litigated in Appellant's previous PCRA petition.

Furthermore, because Appellant's claims in the instant PCRA petition involve issues of trial counsel's ineffectiveness, these claims were properly raised in a collateral petition. In ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002), the Pennsylvania Supreme Court held that a defendant "should wait to raise claims of ineffective assistance of trial counsel until collateral review." ***Id.*** at 738. This holding abrogated the rule in ***Commonwealth v. Hubbard***, 372 A.2d 687 (Pa. 1977), that upon representation by new counsel, a defendant must raise ineffectiveness claims pertaining to trial counsel's performance at the first opportunity. ***Commonwealth v. Thomas***, 44 A.3d 12, 16 (Pa. 2012). Because Appellant's direct-appeal proceedings post-dated ***Grant***, the strictures of ***Grant*** apply. ***See Thomas***, 44 A.3d at 16. Accordingly, we conclude that Appellant did not waive these claims by failing to raise them on direct appeal.

Thus, we agree with Appellant's and the Commonwealth's position that the PCRA court incorrectly denied Appellant's instant PCRA petition. Furthermore, because this is Appellant's first PCRA petition, appointed counsel shall be afforded the opportunity to file an amended PCRA petition on Appellant's behalf. Pa.R.Crim.P. 904(C). Accordingly, we vacate the order below and remand for further proceedings consistent with this Memorandum.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2014