J-S23037-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOEL G. MUIR, | : | |
| | : | |
| Appellant | : | No. 1970 EDA 2014 |

Appeal from the PCRA Order Entered May 22, 2014,
in the Court of Common Pleas of Montgomery County,
Criminal Division, at No(s): CP-46-CR-0001707-2004

BEFORE:   DONOHUE, SHOGAN, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                    **FILED MAY 29, 2015**

Joel G. Muir (Appellant) appeals *pro se* from the order entered on June 24, 2014, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  For the reasons that follow, we remand this case to the PCRA court with instructions.

A prior panel of this Court summarized the facts underlying this case.

> Around 2:00 a.m., on August 3, 2001, in the parking lot of the Sunnybrook Ballroom, [A]ppellant, co-defendant Nicholas Roberts, and two unidentified men, riding in a maroon Toyota Camry, approached one Rian Wallace, who was standing in the parking lot, and began yelling, "New York Crips."  The two unidentified men exited the vehicle and began doing a gang ritual dance around Wallace, purportedly alerting Wallace to the fact they were members of the Crips street gang.  Appellant then also exited the car, and the three men surrounded Wallace. Shortly thereafter, two of Wallace's friends, the victim Michael Ziegler and Brandon Germany, arrived at the scene.  No violence occurred during this confrontation.

_____

*Retired Senior Judge assigned to the Superior Court.

Wallace then left the scene with a friend, followed 30 minutes later by Ziegler, Germany, and two other men, driving a gold Ford Taurus. After dropping off the other men at an acquaintance's house, Ziegler and Germany stopped briefly at a motel party, and then drove to the home of a friend, Janae Nixon. Ziegler parked on the street, and, according to Germany's testimony, [A]ppellant's maroon Toyota Camry with its lights turned out was also parked on that street. Co-defendant Roberts was seated in the driver's seat of the Camry, [A]ppellant was in the passenger's seat and two other individuals were in the backseat. Appellant sped past the victim's car, but returned 10 minutes later, at about 3:00 a.m., minus the two rear passengers. As the [A]ppellant's car approached Nixon's home and the parked Taurus, Germany, Nixon and a second woman, Shena Beasley were entering the Taurus. The victim already was seated at the wheel. With Germany in the passenger seat, the victim drove away, and [A]ppellant and Roberts, the driver of the Camry, followed. As Roberts sped past the Taurus, [A]ppellant, seated in the backseat, fired into the victim's vehicle, striking Ziegler in the head and killing him.

*Commonwealth v. Muir*, 909 A.2d 884 (Pa. Super. 2006) (unpublished memorandum at 1-3).

Appellant absconded to New York and was apprehended three years later. After a six-day trial, a jury found Appellant guilty of first-degree murder, as well as lesser related offenses including conspiracy and possession of a firearm without a license. On December 29, 2004, Appellant was sentenced to two concurrent terms of life imprisonment for first-degree murder and conspiracy to commit first-degree murder, and three consecutive terms of seven to fourteen years of incarceration for the other charges. A panel of this Court affirmed Appellant's judgment of sentence on

- 2 -

August 23, 2006. *Muir*, *supra*. After a series of procedural turns,[1] our Supreme Court denied Appellant's petition for allowance of appeal on March 29, 2012. *Commonwealth v. Muir*, 42 A.3d 292 (Pa. 2012).

On December 18, 2012, Appellant filed timely a *pro se* PCRA petition. Attorney Henry S. Hilles, III (Hilles) was appointed to represent Appellant. On September 30, 2013, counsel filed a third amended PCRA petition, which stated that this petition "fully replaces the first and second amended PCRA petitions." Third Amended PCRA Petition, 9/30/2013, at ¶ 14. Appellant set forth one issue concerning trial counsel's ineffective assistance with respect to Appellant's right to testify on his own behalf. Specifically, Appellant argued that counsel misadvised Appellant that his prior non-*crimen falsi* convictions would be admissible if he chose to testify. Appellant also argued that trial counsel "refused" to permit Appellant to testify. *Id*. at ¶ 18.

An evidentiary hearing was held on January 22, 2014, and on May 22, 2014, the PCRA court denied Appellant's request for PCRA relief. On June 23, 2014, Appellant filed timely a *pro se* notice of appeal.[2] On June 23,

---

[1] These procedural turns included Appellant being abandoned by counsel causing the reinstatement of Appellant's PCRA rights, followed by the grant of Appellant's PCRA petition which permitted him to file a petition for allowance of appeal to our Supreme Court from this Court's affirmance of Appellant's judgment of sentence.

[2] Although Appellant's notice of appeal was not docketed until June 26, 2014, we consider it as being filed on June 23, 2014, the date stamped on the envelope, as Appellant is incarcerated. *See Commonwealth v.*

2014, Hilles filed, with the PCRA court, a petition for leave to withdraw as counsel and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[3]  On July 2, 2014, the PCRA court permitted counsel to withdraw.  On July 18, 2014, Appellant filed "Objections" to the PCRA court's permitting of Hilles to withdraw, essentially claiming that Hilles was ineffective for petitioning to withdraw as counsel at that juncture in the proceedings.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth numerous issues for our review; however, for the reasons that follow, we cannot review those issues at this time.  Pennsylvania Rule of Criminal Procedure 910 provides that "[a]n order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of

---

**Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) ("[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.").  Since the PCRA court order was filed on May 22, 2014, Appellant had until June 23, 2014 to file timely a notice of appeal.  Thus, the instant appeal was filed timely under the prisoner mailbox rule.

[3] In that letter, Hilles advised Appellant that the deadline to file a notice of appeal was "today," meaning, the day Hilles sent the letter to Appellant. No-merit Letter, 6/23/2014, at 1.  That letter also included a thorough analysis of the one issue presented in Appellant's PCRA petition, along with six issues Appellant specifically asked Hilles to review.  Hilles concluded that none of these issues had merit warranting an appeal.

- 4 -

appeal." Moreover, "after an appeal is taken…, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a).

Instantly, Appellant filed a notice of appeal on June 23, 2014. However, the PCRA court permitted counsel to withdraw on July 2, 2014. The PCRA court had lost jurisdiction over this matter prior to the entry of this order. Accordingly, the proper place for counsel to file his petition to withdraw and no-merit letter pursuant to ***Turner/Finley*** was with this Court, not the PCRA court.

> The Pennsylvania Rules of Criminal Procedure and our caselaw make clear that an indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA. This right to representation exists throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief. It is equally clear that once counsel has entered an appearance on a defendant's behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance.

***Commonwealth v. Willis***, 29 A.3d 393, 401 (Pa. Super. 2011) (quoting ***Commonwealth v. Quail***, 729 A.2d 571, 573 (Pa. Super. 1999)).

Appellant is entitled to representation by counsel for this appeal. Thus, we remand this case to the PCRA court for the appointment of new counsel.[4] Once new counsel's appearance has been entered with this Court,

---

[4] Out of an abundance of caution, we remand for the appointment of new counsel, rather than the reinstatement of Attorney Hilles. Appellant has

the Prothonotary is directed to issue a new briefing schedule. New counsel may then file with this Court a petition to withdraw and no-merit letter pursuant to **Turner**/**Finley** or an advocate's brief.

Case remanded with instructions. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/29/2015

---

raised issues with respect to Attorney Hilles effectiveness, which new counsel may need to consider.