J-S13037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH M. CASTRO | |
| Appellant | No. 1521 WDA 2014 |

Appeal from the PCRA Order entered July 9, 2014
In the Court of Common Pleas of Blair County
Criminal Division at Nos: CP-07-CR-0001585-2012;
CP-07-CR-0001594-2012

BEFORE:  BENDER, P.J.E., MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                 **FILED JUNE 15, 2015**

Appellant, Joseph M. Castro, appeals from the July 9, 2014 order entered in the Court of Common Pleas of Blair County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 §§ 9541-46.  For the reasons that follow, we direct counsel for Appellant to file directly with this Court either an advocate's brief or a petition to withdraw and a no-merit letter complaint with the **Turner/Finley** line of cases.[1]

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  **See also Commonwealth v. Wrecks**, 931 A.2d 717 (Pa. Super. 2007).

The record reflects that Appellant entered a guilty plea on November 30, 2012 to drug and gun-related charges. In accordance with the plea agreement, he was sentenced to five to ten years in a State Correctional Institution. Appellant filed a motion to modify sentence *nunc pro tunc* on July 1, 2013. He also filed a PCRA petition alleging ineffectiveness of plea counsel. By opinion and order entered July 9, 2014, the court denied and dismissed the motion to modify sentence, explaining it no longer had jurisdiction over the matter. Trial Court Opinion and Order, 7/9/14, at 3, 4. The court also denied and dismissed the PCRA petition, noting the testimony at the June 10, 2014 PCRA hearing did not support Appellant's claim of ineffectiveness. *Id.* at 3.

> [T]he credible testimony, backed by Exhibits, revealed that [Appellant] entered a knowing, voluntary, and intelligent guilty plea based on negotiations by [plea counsel] that resulted in [Appellant] receiving a sentence that was less than the District Attorney wanted him to get. He was statutorily ineligible for RRRI. [Appellant's] complaint about [plea counsel] is that he could not get him a good enough deal; [plea counsel] testified credibly that he attempted to negotiate a sentence of 3 to 6 years but that the Commonwealth would not agree. The [c]ourt cannot find any ineffectiveness of counsel based on the record.

*Id.*

On August 12, 2014, court-appointed counsel filed a petition to reinstate Appellant's appeal rights *nunc pro tunc* from the denial of his PCRA petition. The motion was granted on August 13, 2014. On September 9, 2014, Appellant filed a timely notice of appeal *in forma pauperis*.

In the brief filed with this Court by court-appointed counsel, one issue is identified for our review, "Whether the Trial Court erred in dismissing the Appellant's current PCRA Petition." Appellant's Brief at 2. Following the statement of facts, counsel provided a summary of the argument that reads simply, "Appellant maintains that the trial court erred in dismissing his Petition and his Motion." *Id.* at 3. In the argument section that follows, counsel presents case law regarding PCRA claims of ineffectiveness generally and, in particular, with respect to entry of guilty pleas. *Id.* Rather than develop any argument relating to—or even referring to—Appellant's case, counsel simply jumps to the conclusion section of the brief, stating, "After a review of the record, including the discovery relative to the underlying charges, and after written consultations with Appellant, and after a review of the Guilty Plea Hearing transcript and the hearing held on June 10, 2014, the undersigned avers that this appeal is frivolous." *Id.* at 4.

When counsel is appointed in PCRA proceedings, "the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief." Pa.R.Crim.P. 904(F)(2); *see also* *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) ("[A] criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process."). However, "[w]hen, in the exercise of his professional judgment,

counsel determines that the issues raised under the [PCRA] are meritless, and when the [PCRA] court concurs, counsel will be permitted to withdraw and the petitioner may proceed *pro se*, or by privately retained counsel, or not at all." *Turner*, 544 A.2d at 928-29 (Pa. 1988) (addressing withdrawal of counsel under the Post Conviction Hearing Act, precursor to the PCRA).

The issue of a PCRA litigant's right to counsel generally arrives in this Court in the wake of appointed counsel's request to withdraw from representation. In the context of a PCRA proceeding, we consider whether counsel has followed the necessary steps to withdraw under the *Turner/Finley* line of cases.

> The *Turner/Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner*, *supra*, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See* [*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009)].

*Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012).[2]

_____

[2] We note counsel's conclusory statement that this "appeal is frivolous." Appellant's Brief at 5. As this Court recognized in *Wrecks*, "*Anders* counsel is not permitted to withdraw unless the appeal is wholly frivolous, but *Turner/Finley* counsel is permitted to do so if the case lacks merit, even if

*(Footnote Continued Next Page)*

- 4 -

Recognizing Appellant is entitled to representation throughout the appeal from denial of his first PCRA petition, we conclude that the brief filed by counsel does not constitute an advocate's brief nor does it satisfy the requirements for withdrawing from representation in accord with the mandates of **Turner/Finley**. Therefore, we direct that, within 30 days of the date of this Memorandum, counsel of record shall file directly with this Court either a brief advancing the issue raised by Appellant or a petition to withdraw and a no-merit letter compliant with **Turner/Finley**.[3] The Commonwealth will then have 30 days to file a responsive brief.

So ordered.

*(Footnote Continued)* ────────────────

it is not so anemic as to be deemed wholly frivolous." **Wrecks**, 931 A.2d at 722.

[3] **See Commonwealth v. Brown**, 836 A.2d 997, 999 n. 2 (Pa. Super. 2003) (quoting **Commonwealth v. Quail**, 729 A.2d 571, 573 (Pa. Super. 1999) (outlining options to ensure first-time PCRA petitioner is afforded representation through the entire appellate process)).