J-S12020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANNY MARSTELLAR, | |
| Appellant | No. 2012 EDA 2015 |

Appeal from the Order Entered June 3, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003957-2014

BEFORE:  MUNDY, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 18, 2016**

Appellant, Danny Marstellar, appeals from the order entered on June 3, 2015.  We vacate the trial court's order and remand.

On February 17, 2015, Appellant pleaded guilty to burglary.[1]  That same day, the trial court sentenced Appellant to serve a term of 12 to 60 months in prison.  Appellant did not file a timely post-sentence motion or a timely notice of appeal to this Court and, on April 8, 2015, the trial court granted Appellant's counsel's motion for leave to withdraw appearance.  Trial Court Order, 4/8/15, at 1.

On May 1, 2015 – which was after Appellant's judgment of sentence became final – Appellant filed a *pro se* "Motion to Modify and Reduce

_____

[1] 18 Pa.C.S.A. § 3502(a)(4).

_____

*Retired Senior Judge assigned to the Superior Court.

Sentence." The trial court did not appoint counsel to represent Appellant. The trial court then denied Appellant's *pro se* motion on June 3, 2015, reasoning that it was an untimely-filed post-sentence motion from the judgment of sentence. Trial Court Order, 5/1/15, at 1.

The trial court appointed counsel to represent Appellant on June 22, 2015 and appointed counsel filed a timely notice of appeal on July 2, 2015. Appellant raises the following claim to this Court:

> Whether the trial court committed legal error by denying Appellant's appeal where there was an issue of credit for time served which is never an untimely claim and where claims should have been treated as a timely filed PCRA?

Appellant's Brief at 4 (some internal capitalization omitted). [2]

_____

[2] We note that, within Appellant's counseled Pennsylvania Rule of Appellate Procedure 1925(b) statement, Appellant did not claim that the trial court erred when it failed to treat his "Motion to Modify and Reduce Sentence" as a timely PCRA petition. Rather, within his counseled Rule 1925(b) statement, Appellant raised the following claims:

> [1.] The [trial] court manifestly abused its discretion by denying [Appellant's] petition to reinstate appellate rights in concluding that [Appellant] fully understood what his agreement with the Commonwealth entailed in regards to his sentence and appellate rights.
>
> [2.] The [trial] court manifestly abused its discretion and committed an error of law by denying [Appellant's] Motion to Modify and Reduce Sentence, where the sentence was not the agreed upon sentence at the time of the plea agreement.
>
> [3.] The [trial] court manifestly abused its discretion and committed an error of law by denying [Appellant's Motion to

*(Footnote Continued Next Page)*

As noted above, after Appellant's judgment of sentence became final and while Appellant was no longer represented by counsel, Appellant filed a *pro se* "Motion to Modify and Reduce Sentence." Since this motion was filed after Appellant's judgment of sentence became final, the trial court should have *sua sponte* treated the motion as a first petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("the PCRA provides the sole means for obtaining collateral review, and [] any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition"). Further, since Appellant has at all times been indigent and since this was Appellant's first PCRA petition, the trial court should have appointed counsel to represent Appellant. **See** Pa.R.Crim.P. 904(C).

In this case, we must conclude that the trial court erred when it failed to appoint counsel to represent Appellant on his first PCRA petition. "[I]t is undisputed that first time PCRA petitioners have a rule-based right to

*(Footnote Continued)* ———————————

Modify and Reduce Sentence], where [Appellant] did not receive credit for time served.

[4.] The [trial] court manifestly abused its discretion and committed an error of law by denying [Appellant's] Motion to Modify and Reduce Sentence, where such modifications can be made following the [30-]day time period and therefore, [the] motion should not be deemed untimely.

Appellant's Rule 1925(b) Statement, 7/20/15, at 2 (some internal capitalization omitted).

counsel." ***Commonwealth v. Figueroa***, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011). This right to counsel "exists throughout the post-conviction proceedings, including any appeal from [the] disposition of the petition for post-conviction relief." ***Commonwealth v. Quail***, 729 A.2d 571, 573 (Pa. Super. 1999) (internal citations and quotations omitted); ***see also*** Pa.R.Crim.P. 904(C). Here, while the trial court appointed counsel to represent Appellant on appeal, the trial court only did so after it denied his petition – and the court did not appoint counsel to represent Appellant during the underlying proceedings. This constitutes error, as it forced Appellant to litigate the entirety of his first PCRA petition without the aid of an attorney.

Moreover, although Appellant did not properly assert in his 1925(b) statement that the trial court erred in failing to treat his motion as a first PCRA petition and in failing to appoint counsel, our Supreme Court has explained that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." ***Commonwealth v. Albrecht***, 720 A.2d 693, 699 (Pa. 1998). Thus, we have held that "where an indigent, first-time PCRA petitioner was denied his right to counsel – or failed to properly waive that right – this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011).

In the case at bar, Appellant was deprived of his rule-based right to have appointed counsel for his first PCRA petition. As such, we vacate the order dismissing Appellant's PCRA petition and remand this case to the trial court.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2016