J. S45029/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
GREGORY JAMES MUSHAT :
Appellant :
: No. 1794 WDA 2015

Appeal from the PCRA Order October 14, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000015-2004

BEFORE: OLSON, DUBOW AND PLATT,[*] JJ.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 28, 2016**

Appellant, Gregory James Mushat, appeals *pro se* from the October 14, 2015 Order entered in the Court of Common Pleas of Erie County, which dismissed Appellant's *pro se* motion entitled "Permission to *En Banc* Post Conviction Collateral Relief." We vacate and remand with instructions.

On January 19, 2005, Appellant pled guilty to Robbery, Unlawful Restraint, Firearms Not to be Carried Without a License, and Possession of a Weapon.[1] On January 26, 2005, the court sentenced Appellant to an aggregate term of 18 ½ to 37 years' incarceration. This Court affirmed the Judgment of Sentence on November 23, 2005. ***Commonwealth v.***

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1); 18 Pa.C.S. § 2902(a)(1); 18 Pa.C.S. § 6106(a)(1); and 18 Pa.C.S. § 907(b), respectively.

*Mushat*, No. 430 WDA 2005 (Pa. Super. filed Nov. 23, 2005). Appellant did not seek allowance of appeal with our Supreme Court. His Judgment of Sentence, thus, became final on December 23, 2005.

Nearly ten years later, on August 20, 2015, Appellant filed, *pro se*, his first PCRA Petition, raising various claims, including a challenge to the legality of his sentence pursuant to *Alleyne v. U.S.,* 133 S.Ct. 2151 (2013). He also filed a Petition to Proceed *In Forma Pauperis* and requested the appointment of counsel. On September 3, 2015, the PCRA court, without appointing counsel, denied the PCRA Petition without a hearing, concluding that the Petition was untimely and opining that "there were no mandatory minimum sentences involved in Petitioner's sentence." Order, 9/3/15. Appellant did not appeal.

On September 21, 2015, Appellant filed the instant "Permission to *En Banc* Post Conviction Collateral Relief," requesting the same relief he requested in his first PCRA Petition. Appellant also requested the appointment of counsel. Again, the trial court did not appoint counsel and denied the Petition without a hearing. Order, 10/14/15.

Appellant filed an appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In Pennsylvania, the courts are to construe as PCRA Petitions all motions a defendant files after his judgment of sentence has become final. *See* 42 Pa.C.S. § 9542; *Commonwealth v. Fowler*, 930 A.2d 586, 591

(Pa. Super. 2007) (collecting cases). As is apparent from Appellant's instant "Permission to *En Banc* Post Conviction Collateral Relief" Petition, Appellant is seeking post-conviction collateral relief. As such, we will treat the instant Petition as Appellant's second PCRA Petition ("Second PCRA Petition").

Our review does not end there, however, because we are troubled that the trial court failed to appoint counsel when Appellant filed his first PCRA Petition.

Pa.R.Crim.P. 904(C) requires the trial court judge to "appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." **See also Commonwealth v. Figueroa**, 29 A.3d 1177, 1180 (Pa. Super. 2011); **Commonwealth v. Perez**, 799 A.2d 848, 851–52 (Pa. Super. 2002); **Commonwealth v. Quail**, 729 A.2d 571, 573 (Pa. Super. 1999).

Although the Appellant had an undisputed right to counsel for the first PCRA Petition, the trial court failed to appoint counsel. As a result, Appellant did not have counsel to amend the Petition, advocate on his behalf or, once the trial court denied the Petition, advise him about his appellate rights.

Although we do not have jurisdiction over the first PCRA Petition, we have the ability to correct this error with respect to the Second PCRA Petition. Pa.R.Crim.P. 904(E) requires that a "judge shall appoint counsel to represent a defendant whenever the interests of justice require it." Since Appellant had the undisputed right to the appointment of counsel for his first

PCRA Petition and the trial court failed to make the appointment, Appellant was deprived of the opportunity to raise PCRA claims with the benefit of the advice of counsel. We, therefore, find that the "interests of justice" require that the trial court appoint counsel for the Second PCRA Petition.

We vacate the trial court's Order of October 14, 2015, and remand with instructions to the trial court to grant Appellant's request for the appointment of counsel within 45 days of this Order. Once the trial court appoints counsel, the trial court shall grant leave to counsel to amend the Second PCRA Petition.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Platt files a Concurring Dissenting Memorandum.

Judge Olson files a Concurring Dissenting Statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2016

- 4 -