J-S33019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PAUL BENEDICT WOLF | : | |
| | : | |
| Appellant | : | No. 2033 MDA 2016 |

Appeal from the PCRA Order November 28, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0007563-2011

BEFORE:   BENDER, P.J.E., OTT, J. and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                              **FILED MAY 17, 2017**

Paul Benedict Wolf appeals *pro se* from the order entered November 28, 2016, in the Court of Common Pleas of York County, that denied his petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.   Based on the following, we vacate the PCRA court's order denying Wolf's petition and remand for further proceedings consistent with this memorandum.

On June 14, 2014, Wolf was found guilty by a jury of persons not to possess, use, or control a firearm, prohibited offensive weapons, and possession of drug paraphernalia.[1] On February 21, 2014, the trial court

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1) and 908(a), and 35 P.S. § 780-113(a)(32), respectively.

sentenced Wolf to an aggregate term of five to ten years' incarceration. A timely appeal was filed.

On April 10, 2014, Wolf filed a motion stating he wanted to proceed *pro se*, and this Court, on April 16, 2014, directed the trial court to hold a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).[2] On June 26, 2014, the court held a **Grazier** hearing and determined present counsel at that time, Chris Moore, Esquire, would continue to represent Wolf on appeal. On August 18, 2014, the court appointed Seamus Dubbs, Esquire, and permitted Attorney Moore to withdraw. On October 13, 2015, Wolf filed a *pro se* "motion for correction of sentence."[3] Thereafter, on October 23, 2015, this Court affirmed the judgment of sentence. **See Commonwealth v. Wolf**, 134 A.3d 106 (Pa. Super. 2015).[4]

Wolf filed a timely PCRA petition *pro se* on April 7, 2016, along with a request for counsel. The PCRA petition alleged, *inter alia*, issues of ineffectiveness of counsel, insufficiency of the evidence, and double

---

[2] **See Grazier**, 713 A.2d at 82 (holding when a waiver of the right to counsel is sought, "an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one").

[3] This motion was of no legal effect. **See Commonwealth v. Ali,** 10 A.3d 282, 293 (Pa. 2010) (explaining that a *pro se* filing presented by an appellant represented by counsel is a "legal nullity").

[4] On October 19, 2016, the Pennsylvania Supreme Court denied Wolf's Petition for Leave to File Petition for Allowance of Appeal *Nunc Pro Tunc.*

jeopardy. On April 13, 2016, Wolf filed a *pro se* motion for counsel outside York County.

On August 26, 2016, the PCRA court denied "Defendant's Motion." However, the court did not indicate that it was addressing Wolf's PCRA petition. The August 26, 2016, order only discussed the issue of whether Wolf should have been subject to a single Crime Victim's Compensation Fund fee and Victim Witness Services Fund fee when he was sentenced on February 21, 2014, at the above docket number and three other docket numbers. *See* Order, 8/26/2016.

On November 14, 2016, Wolf filed a *pro se* motion to vacate his sentence and proceed *pro se*. Wolf requested his sentence be vacated and he be given a new trial or the court hold an evidentiary hearing to inquire further into his allegations. By order dated November 23, 2016, and entered November 28, 2016, the PCRA court denied "Defendant's request for Post Conviction Relief." *See* Order, 11/28/2016.

On November 30, 2016, the court entered an "Order Regarding Motion for *Pro Se* Entry of Appearance and Request for Video Conference," which appears to respond to requests in Wolf's November 14, 2016 PCRA petition. The November 30, 2016 order granted Wolf permission to proceed *pro se* and denied his request for a video conference because the PCRA petition had already been dismissed.

On December 12, 2016, Wolf filed a *pro se* notice of appeal from the PCRA court's November 28, 2016 order.

- 3 -

Although the PCRA court, in its Pa.R.A.P. 1925(a) opinion issued in support of its November 28, 2016 order, explained that it denied Wolf's April 7, 2016 petition on August 26, 2016, and treated Wolf's November 14, 2016, motion as a second PCRA petition,[5] it does not appear that Wolf's April 7, 2016, PCRA petition was ever addressed by the PCRA court. In any event, the PCRA court never appointed counsel for Wolf for his first PCRA petition or held a **Grazier** hearing.[6]

Pennsylvania Rule of Criminal Procedure 904(C) provides, in pertinent part, that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added). **See also Commonwealth v. Quail**, 729 A.2d 571 (Pa. Super. 1999) (indigent first-time PCRA petitioner is entitled to representation by counsel).

As a first-time PCRA petitioner, upon a showing of indigence, Wolf is entitled to the appointment of counsel to represent him throughout the post-conviction collateral proceedings, including any appeal from the disposition

---

[5] **See** PCRA Court Opinion, 2/6/2017, at 2.

[6] We may raise the issue of the PCRA court's failure to appoint counsel for a first PCRA petition *sua sponte.* **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) (discussing the right of Superior Court to address the appellant's lack of counsel *sua sponte* in PCRA matter).

of his first PCRA petition. **See** Pa.R.Crim.P. 904(C), (F)(2). Accordingly, we vacate the PCRA court's order and remand for the appointment of PCRA counsel, or a **Grazier** hearing if Wolf wishes to proceed *pro se*.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished. Wolf's motion to quash any appellee brief that may be submitted by the Commonwealth is dismissed as moot.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2017