J-S58004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LAWRENCE WHITE :
:
Appellant : No. 1467 WDA 2017

Appeal from the Order Entered August 31, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007825-2009

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 22, 2018**

Appellant, Lawrence White, appeals *pro se* from the order entered on August 31, 2017. We vacate the trial court's order and remand.

A jury found Appellant guilty of firearms not to be carried without a license, receiving stolen property, and false identification to law enforcement authorities.[1, 2] On July 11, 2013, the trial court sentenced Appellant to serve an aggregate term of 24 to 48 months in prison. We affirmed Appellant's judgment of sentence on May 28, 2014 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 5, 2014.

---

[1] 18 Pa.C.S.A. §§ 6106, 3925, and 4914, respectively.

[2] The trial court also found Appellant guilty of various motor vehicle code violations.

*Commonwealth v. White*, 104 A.3d 62 (Pa. Super. 2014) (unpublished memorandum) at 1-15, *appeal denied*, 102 A.3d 985 (Pa. 2014).

On January 24, 2017 – which was after Appellant's judgment of sentence became final – Appellant filed a *pro se* "Motion for Time Credit and Corrected Commitment" in the trial court. The trial court did not appoint counsel to represent Appellant. Instead, the trial court denied Appellant's *pro se* motion on August 31, 2017, reasoning that "the claims raised by [Appellant] in the [motion] are frivolous, and any right [Appellant] had to assert a challenge to his sentence was waived by virtue of the fact that he did not raise these claims at the time of sentencing or in a post-sentence motion." Trial Court Order, 8/31/17, at 1; Trial Court Opinion, 6/7/18, at 6.

Appellant filed a timely, *pro se* notice of appeal. We must now vacate the trial court's order and remand.

As noted above, after Appellant's judgment of sentence became final and while Appellant was no longer represented by counsel, Appellant filed a *pro se* "Motion for Time Credit and Corrected Commitment." Since this motion was filed after Appellant's judgment of sentence became final, the trial court should have *sua sponte* treated the motion as a first petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. *Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("the PCRA provides the sole means for obtaining collateral review, and [] any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition"). Further, since Appellant has at all times been indigent and

since this was Appellant's first PCRA petition, the trial court should have appointed counsel to represent Appellant. **_See_** Pa.R.Crim.P. 904(C).

In this case, we must conclude that the trial court erred when it failed to appoint counsel to represent Appellant on his first PCRA petition. "[I]t is undisputed that first time PCRA petitioners have a rule-based right to counsel." **_Commonwealth v. Figueroa_**, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011). This right to counsel "exists throughout the post-conviction proceedings, including any appeal from [the] disposition of the petition for post-conviction relief." **_Commonwealth v. Quail_**, 729 A.2d 571, 573 (Pa. Super. 1999) (internal citations and quotations omitted); **_see also_** Pa.R.Crim.P. 904(C).

Moreover, although Appellant did not assert in his 1925(b) statement that the trial court erred in failing to treat his motion as a first PCRA petition and in failing to appoint counsel, our Supreme Court has explained that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." **_Commonwealth v. Albrecht_**, 720 A.2d 693, 699 (Pa. 1998). Thus, we have held that "where an indigent, first-time PCRA petitioner was denied his right to counsel – or failed to properly waive that right – this Court is required to raise this error _sua sponte_ and remand for the PCRA court to correct that mistake." **_Commonwealth v. Stossel_**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

In the case at bar, Appellant was deprived of his rule-based right to have appointed counsel for his first PCRA petition. As such, we vacate the

order dismissing Appellant's PCRA petition and remand this case to the PCRA court.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2018