J-S46025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE REDDICK | : | |
| | : | |
| Appellant | : | No. 254 WDA 2024 |

Appeal from the PCRA Order Entered January 25, 2024
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0002369-2016

BEFORE:  LAZARUS, P.J., BOWES, J., and KING, J.

JUDGMENT ORDER BY BOWES, J.:                **FILED: February 26, 2025**

Lawrence Reddick appeals *pro se* from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA").  In light of our disposition, a detailed history is unnecessary.  Appellant is serving a sentence of thirty-five years to life imprisonment for first-degree murder and other offenses.  His direct appeal garnered him no relief. ***See Commonwealth v. Reddick***, 221 A.3d 1285, 2019 WL 4853927 (Pa.Super. 2019) (non-precedential decision), *appeal denied*, 280 A.3d 330 (Pa. 2022).

Acting *pro se*, Appellant timely filed the underlying PCRA petition, his first.  Counsel was appointed and submitted a petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  The PCRA court granted counsel's request and issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907.

Then *pro se*, Appellant responded and raised three new claims challenging the effectiveness of trial and appellate counsel, as well as that of PCRA counsel for failing to (1) conduct an independent review of the record and (2) present his other claims to the PCRA court. The court re-appointed the same counsel to address the new claims, including those asserting his own ineffectiveness. This was improper, as "counsel cannot argue his or her own ineffectiveness." ***Commonwealth v. Bradley***, 261 A.3d 381, 398 (Pa. 2021) (cleaned up).

This error was compounded by what happened next. PCRA counsel filed another no-merit letter addressing the new claims and the PCRA court issued Rule 907 notice of its intent to dismiss without a hearing, but delayed ruling upon the withdrawal request until after the expiration of time for Appellant to respond. After Appellant communicated that he had not received counsel's new no-merit letter, the court re-issued its notice and sent Appellant the pertinent letter. Receiving no further response within the allotted time frame, the PCRA court dismissed Appellant's PCRA petition. However, it did not rule upon counsel's application to withdraw. Appellant initiated the instant appeal by filing a *pro se* notice. Believing it lacked jurisdiction, the court denied PCRA counsel's earlier request to withdraw without prejudice for him to seek to do so in this Court. PCRA counsel does not appear as counsel of record in this Court and has neither sought leave to withdraw nor taken any action on Appellant's behalf.[1]

---

[1] It is unclear whether counsel was notified of the briefing schedule since he is not listed as counsel in this Court.

Appellant has a rule-based right to counsel for his first PCRA petition, which "shall be effective throughout the [PCRA] proceedings, including any appeal from disposition of the petition[.]" Pa.R.Crim.P. 904(F)(2). "[O]nce counsel has entered an appearance on a defendant's behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance." **Commonwealth v. Quail**, 729 A.2d 571, 573 (Pa.Super. 1999) (citation omitted). Generally, a petitioner is not entitled to the appointment of new counsel after PCRA counsel has been permitted to withdraw. **See Commonwealth v. Shaw**, 217 A.3d 265, 268 n.3 (Pa.Super. 2019). Nonetheless, the PCRA court must appoint counsel "whenever the interests of justice require it." Pa.R.Crim.P. 904(E).

Here, the PCRA court permitted PCRA counsel to withdraw, re-appointed him to determine his own effectiveness, and then denied him leave to withdraw. Despite counsel still being obligated to represent Appellant, he has had to navigate this appeal *pro se*. Given the unusual circumstances of this case, and to ensure Appellant's right to effective counsel for his first PCRA petition is vindicated, we vacate the PCRA court's order dismissing Appellant's PCRA petition and remand for the PCRA court to appoint new counsel either to file an amended petition addressing Appellant's claims raised in his response to the first Rule 907 notice, including those lodged against PCRA counsel, or to file a **Turner**/**Finley** letter and petition to withdraw.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/26/2025