J-S26015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD ANDREW DADDARIO | |
| Appellant | No. 1577 MDA 2014 |

Appeal from the PCRA Order August 25, 2014
In the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000245-2005

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                              **FILED JUNE 16, 2015**

Richard Andrew Daddario appeals *pro se*[1] from the order entered

August 25, 2014, in the Court of Common Pleas of Snyder County that

---

[1] On October 15, 2014, this Court entered the following *per curiam* order:

Upon review of the *pro se* docketing statement filed in this Court and the trial docket, the following is ORDERED:

Within 30 days of the date of this order, the trial court shall appoint new counsel and notify this Court of its determination. **See Commonwealth v. Quail**, 729 A.2d 571 (Pa. Super. 1999 (indigent first-time PCRA petitioner is entitled to representation by counsel); **Commonwealth v. Johnson**, 803 A.2d 1291 (Pa. Super. 2002) (any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition).  Immediately upon being appointed, counsel shall enter his or her appearance in this Court.

The Prothonotary is directed to forward copies of this order to the trial court.

*(Footnote Continued Next Page)*

dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Daddario claims the PCRA court erred by dismissing his PCRA petition as untimely filed. Based upon the following, we affirm.

The PCRA court set forth the relevant procedural history in its opinion.

> Judgment in [Daddario's] case became final on January 15, 2009, thirty (30) days after the Supreme Court's denial of his Petition for Allowance of appeal. Thus, any issues relating to his original trial and his appeal had to be filed as part of a Petition for Post Conviction Relief within one (1) year of January 17, 2010. 42 Pa.C.S. § 9545(b). …

> [Daddario] filed his first PCRA Petition *pro se* on June 17, 2009, well within the jurisdictional time limits. As a result of that Petition and subsequent proceedings and pursuant to an agreement to resolve his Petition, his original sentence was vacated and he was resentenced by the [trial court] on July 2, [2]010. No appeal followed.

> [Daddario's] second PCRA Petition presently before the Court was filed on July 14, 2014, almost 5-1/2 years after his conviction became final and slightly less than 4 years after his resentencing, which became final for PCRA purposes on August 1, 2010.

PCRA Court Opinion, 7/23/2014, at 1–2 (citation and footnote omitted).

Our standard of review is as follows:

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*(Footnote Continued)* ——————————

Order, 10/15/2015.

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

It is well settled that no court may entertain the merits of a PCRA petition if it is untimely filed. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). The PCRA time limit is strict, mandatory, and jurisdictional. *Id.*

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. *See Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.* (quoting 42 Pa.C.S.A. § 9545(b)(2)). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157, 1161 (Pa. 2003).

*Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012).

Daddario does not dispute that his present PCRA petition is facially untimely. He claims, however, that his petition falls within two exceptions to the PCRA's time bar, namely, the newly discovered facts exception set forth at 42 Pa.C.S. § 9545(b)(1)(ii), and the after-recognized constitutional right

exception found at 42 Pa.C.S. § 9545(b)(1)(iii).[2]   In pleading both

exceptions, Daddario relies on the United States Supreme Court case of

_____

[2] The exceptions to the PCRA time bar are set forth in Section 9545(b)(1)(i)-(iii), as follows:

> (b) *Time for filing petition.*
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> **(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or**
>>
>> **(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.**
>
> **(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.**

42 Pa.C.S. § 9545(b)(1)(i)-(iii), (b)(2) (emphasis supplied).

***Alleyne v. United States***, 133 S. Ct. 2151 (2013), decided June 17, 2013.[3]

No relief is due.

As the PCRA court correctly pointed out, Daddario did not file his PCRA petition within 60 days of the ***Alleyne*** decision, as required by Section 9545(b)(2), and his ignorance of the law until the decision was available in the prison law library does not excuse this failure to comply with the 60-day requirement. ***Commonwealth v. Brandon***, 51 A.3d 231, 235 (Pa. Super. 2012), *citing* ***Commonwealth v. Baldwin***, 789 A.2d 728, 731 (Pa. Super. 2001) ("Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law."). ***See*** PCRA Court Opinion, 7/23/2014, at 3–4.

---

[3] On September 1, 2006, a jury convicted Daddario of multiple counts of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, corruption of minors, and indecent assault. The trial court sentenced Daddario to an aggregate term of 25 to 90 years' incarceration. Daddario's PCRA petition alleges that "[t]he trial judge exceeded his authority by imposing mandatory minimum sentences and applying the Statutes which were and are unconstitutional." Daddario's PCRA Petition, 7/24/2014, at 1, ¶I(a).

In ***Alleyne v. United States***, 133 U.S. 2151 (2013), the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." ***Id.*** at 2155. Applying this mandate, this Court has held that ***Alleyne*** renders unconstitutional mandatory minimum sentencing statutes that permit the trial court to increase a defendant's minimum based upon a preponderance of the evidence standard. ***See Commonwealth v. Newman,*** 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (finding 42 Pa.C.S. § 9712.1 unconstitutional).

Even if Daddario had filed his PCRA petition within 60 days of the issuance of the *Alleyne* decision, his petition does not satisfy the PCRA exceptions for newly discovered facts or an after-recognized constitutional right. "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013). Therefore, *Alleyne*, a judicial decision, is not a "fact" that satisfies Section 9545(b)(1)(ii).

Moreover, this Court, in *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014), confirmed that a PCRA petitioner may *not* rely upon the decision of the Supreme Court of the United States in *Alleyne* to avail himself of the exception to the time requirements of the Post Conviction Relief Act codified at § 9545(b)(1)(iii). In *Miller*, a panel of this Court concluded that *Alleyne* was an extension of the line of cases beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and further that:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable in those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

***Miller***, 102 A.3d at 995 (citations omitted) (footnote omitted).[4]

As Daddario's PCRA petition is time-barred in that he is unable to demonstrate the applicability of a statutory exception to the time requirements of the Post Conviction Relief Act, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2015

---

[4] Although Daddario cites ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), and ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa. Super. 2014), his reliance is misplaced. Daddario's Brief, at 12. ***Newman*** held that ***Alleyne*** is to be given retroactive effect *to **cases that were pending on direct appeal*** at the time the decision in ***Alleyne*** was issued. In ***Wolfe***, the appellant was sentenced after ***Alleyne*** was decided, and this Court applied ***Alleyne*** in Wolfe's ***direct appeal***. Neither ***Newman*** nor ***Wolfe*** involved the issue of whether ***Alleyne*** would apply retroactively to cases ***on post-conviction collateral review*** where the defendant's direct appeal was already finally decided.