J-S34037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONTAE ROBINSON | |
| Appellant | No. 1564 MDA 2014 |

Appeal from the Order Entered July 29, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at Nos: CP-22-CR-0000284-2012 and CP-22-CR-0001193-2012

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 26, 2015**

Appellant, Dontae Robinson, appeals from the July 29, 2014 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

Appellant and two associates stole an ATM.  N.T. Guilty Plea and Sentencing, 12/5/12, at 5.  For that incident, Appellant pled guilty to one count of theft by unlawful taking[1] and one count of conspiracy at docket number 1193.  On October 7, 2011, Appellant and several associates forced four people into the back room of a jewelry store while they stole jewelry. *Id.* at 4.  For that incident, Appellant pled guilty to four counts of robbery,

---

[1]  18 Pa.C.S.A. § 3921.

four counts of unlawful restraint, one count of conspiracy, and two violations of the Uniform Firearms Act[2] at docket number 284 of 2012. *Id.* at 4-5. On September 19, 2011, Pursuant to the parties' negotiated plea agreement, the trial court imposed an aggregate ten to twenty years of incarceration comprised of an aggregate five to ten year sentence and $50,000.00 restitution to the jeweler at docket number 284 and an aggregate five to ten year sentence at docket number 1193. *Id.* at 8-10. Appellant did not file a direct appeal and therefore his judgment of sentence became final on Friday, January 4, 2013, or thirty days after the trial court imposed sentence. Pa.R.A.P. 903(a).

On November 29, 2013, Appellant filed this timely first PCRA petition. After a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the PCRA court permitted Appellant to proceed without counsel. Appellant filed an amended petition on December 13, 2013. Appellant asserted in his petition that "all laws, codes and statutes stemming from the 1874 Constitution were […] repealed, and are void of any further force or effect; and, that the prosecution had not existing Constitutional jurisdiction, or authority to permit Pennsylvania to prosecute any criminal charges[.]" PCRA Petition, 12/13/13, at 10. Appellant did not respond, and the PCRA court filed the order on appeal on July 29, 2014.

---

[2] 18 Pa.C.S.A. §§ 3701, 2902, 903, 6105 and 6106, respectively.

On June 11, 2014, the PCRA court filed its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a timely *pro se* notice of appeal. Subsequently, at Appellant's request, the PCRA court appointed appellate counsel. Counsel sets forth two issues in his appellate brief. First, he addresses Appellant's assertion that the Commonwealth lacked constitutional authority to prosecute him for any of the aforementioned offenses. Counsel concedes the lack of merit in this issue, and therefore styles his argument as one arising under ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). In his second argument, counsel asserts that the trial court imposed an illegal mandatory minimum at docket number 284 sentence pursuant to ***Alleyne v. United States***, 123 S. Ct. 2131 (2013). Since both of these issues present questions of law, our standard of review is *de novo*. ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015)

We advise counsel that the ***Anders***/***Santiago*** procedure applies only on direct appeal. Counsel seeking to withdraw representation in a collateral proceeding must proceed pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). Neither procedure is appropriate where, as here, counsel does not seek to withdraw. Counsel representing a PCRA petitioner may

choose from among three procedural options: (1) advocate on the petitioner's behalf, including the filing of an advocate's brief with this court; (2) file in the PCRA court a petition to withdraw and no merit letter pursuant to **Turner**/**Finley**, or (3) file a **Turner**/**Finley** letter and petition to withdraw in this Court. **See Commonwealth v. Quail**, 729 A.2d 571, 573 n.2 (Pa. Super. 1999).

Regardless of counsel's error, the brief is sufficient to facilitate our review of both issues. Appellant's PCRA petition asserted, in essence, that the Commonwealth lacked constitutional authority to prosecute him because the 1968 Pennsylvania Constitution contains no savings clause and therefore abrogated the 1874 Constitution and, with it, the Commonwealth's authority to prosecute the charged offenses. We will assume *arguendo* that Appellant's constitutional argument presents a non-waivable challenge to the legality of his sentence. Recently, in **Stultz**, this Court rejected precisely the argument Appellant makes in this case. "The 1968 Constitution amended the 1874 Constitution via a limited Constitutional Convention as well as through other amendments. Therefore, the 1874 Constitution was never suspended or completely abrogated." **Stultz**, 114 A.3d at 875. Moreover, the **Stultz** Court noted that the factual predicate for the appellant's argument was lacking because the Commonwealth prosecuted him under statutes that post-dated the 1968 constitutional amendments. **Id.** "[T]he enactment of the 1968 Constitution could not repeal the Crimes

Code since that code did not exist until 1972, four years after the 1968 Constitution was adopted." *Id.* The same is true here. All of the statutory sections under which Appellant was prosecuted were enacted as part of the 1972 Crimes Code. Appellant's first argument is devoid of merit.

Next, Appellant argues the trial court imposed an illegal mandatory minimum sentence pursuant to *Alleyne*, which held that imposition of a mandatory minimum sentence based on judicial fact-finding violates a defendant's Sixth Amendment right to trial by jury. *Alleyne*, 133 S. Ct. at *Id.* at 2155, 2162-63. This Court has held that 42 Pa.C.S.A. § 9712, which provides for a mandatory minimum sentence where the defendant brandishes a firearm during the commission of enumerated offenses, is unconstitutional under *Alleyne*. *Commonwealth v. Valentine*, 101 A.3d 801, 812 (Pa. Super. 2014).

Appellant acknowledges that he pled guilty and the trial court imposed a ten to twenty year sentence in accord with the parties' negotiated agreement. He argues, nonetheless, that he cannot agree to an illegal sentence, and that Appellant's failure to raise this issue prior to appeal does not result in waiver. This Court has held that a sentence imposed in

violation of **Alleyne** is illegal and therefore the issue cannot be waived. **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa. Super. 2014).[3]

Given that the trial court did not rely on § 9712 and did not do any fact-finding, Appellant's sentence does not violate the Sixth Amendment pursuant to **Alleyne**. Indeed, the **Alleyne** holding protects a defendant's Sixth Amendment right to a jury trial, and Appellant chose to forego that right here. In any event, this Court has held that **Alleyne** does not apply retroactively. **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014). Rather, **Alleyne** applies only to cases pending on direct appeal as of June 27, 2013, the date of the **Alleyne** decision. **Id.**; **see also Commonwealth v. Riggle**, 2015 Pa. Super. 147 (Pa. Super. July 7, 2015) (confirming that **Alleyne** does not apply to cases on collateral review as of the date of the **Alleyne** decision). As noted above, the trial court imposed sentence on December 5, 2012, and since Appellant did not file a direct appeal, his judgment of sentence was final as of January 4, 2013. Pursuant to **Newman** and **Riggle**, **Alleyne** does not apply to this case.

Order affirmed.

---

[3]  A challenge to the legality of a sentence is cognizable under the PCRA. **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/2015