J-S48010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHAUN D. GARNER | : | |
| | : | |
| Appellant | : | No. 1056 MDA 2016 |

Appeal from the PCRA Order May 20, 2016
In the Court of Common Pleas of Susquehanna County
Criminal Division at No(s):  CP-58-CR-0000418-2006

BEFORE:   OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 19, 2017**

Rashaun D. Garner appeals from the order entered May 20, 2016, in the Susquehanna County Court of Common Pleas denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Garner seeks relief from the judgment of sentence of 20 to 40 years' imprisonment, imposed on June 25, 2008, following his negotiated guilty plea to the crime of third degree murder.[2]  Concomitant with this appeal, counsel has filed a petition to withdraw and an **Anders**[3] brief.  On appeal, Garner asserts a layered

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. §§ 2501(a) and 2502(c).

[3] **Anders v. California**, 386 U.S. 738 (1967).  As will be discussed *infra*, counsel should have filed a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), rather than an **Anders** brief.

ineffectiveness claim based upon trial counsel's failure to file a post-sentence motion to withdraw his guilty plea, and a challenge to the trial court's jurisdiction. For the reasons below, we vacate the order denying PCRA relief, deny counsel's petition to withdraw, and remand for the filing of an amended PCRA petition.

The facts and tortured procedural history underlying this appeal are well known to the parties and we need not reiterate them in detail herein. To summarize, Garner was a juvenile on November 24, 2006, when he shot and killed Stephen Smith, Jr. He was charged, as an adult, with homicide, aggravated assault (two counts), and terroristic threats (six counts). His pretrial motion to decertify the case to juvenile court was denied, and he subsequently entered a negotiated guilty plea to one count of third degree murder. As noted above, he was sentenced on June 25, 2008, in accordance with the plea agreement, to a term of 20 to 40 years' imprisonment. **See Commonwealth v. Garner**, 87 A.3d 889 (Pa. Super. 2013) (unpublished memorandum at 2-3).

Garner did not file a direct appeal, but rather filed a timely PCRA petition in June of 2009. The PCRA court denied the petition, and Garner filed an appeal to this Court, in which appointed counsel petitioned to withdraw. After we initially remanded for a procedural issue, this Court rejected Garner's claim that his guilty plea was entered unknowingly and involuntarily. **See id.** (unpublished memorandum at 6-9). However, our independent review of the record revealed a potentially meritorious issue, namely, that trial counsel was

ineffective for failing to file a direct appeal when Garner requested that counsel do so. Consequently, this Court denied PCRA counsel's petition to withdraw and remanded for the filing of a counseled, amended petition. *See id.* (unpublished memorandum at 9-10).

After remand, the trial court reinstated Garner's direct appeal rights. On direct appeal to this Court, appellate counsel once again petitioned to withdraw and filed an *Anders* brief addressing one issue: "Did the lower court err by accepting the guilty plea entered by appellant as voluntarily and knowingly given?" *Commonwealth v. Garner*, 116 A.3d 679 (Pa. Super. 2014) (unpublished memorandum at 4) (citation omitted). Upon review, a panel of this Court found Garner's claim waived because he did not challenge the voluntariness of his guilty plea in the trial court by either objecting at the colloquy or filing a post-sentence motion to withdraw his plea. *See id.* (unpublished memorandum at 5). Furthermore, the panel mentioned Garner did not aver that he asked counsel to file a post-sentence motion, and noted that he could challenge counsel's ineffectiveness in a PCRA proceeding. *See id.* Accordingly, the panel affirmed the judgment of sentence, and permitted counsel to withdraw.

On December 10, 2015, Garner filed the instant PCRA petition, *pro se*, and raised the following two claims: (1) trial counsel was ineffective for failing to file "a requested post-sentence motion to withdraw his plea of guilty where meritorious bases existed to do so," and (2) initial PCRA counsel was ineffective for failing to advance this claim. *See* Petition for Post-Conviction

- 3 -

Collateral Relief, 12/10/2015, at ¶¶ 22-23. On February 19, 2016, the PCRA

court issued notice of its intent to dismiss the petition without first conducting

an evidentiary hearing pursuant to Pa.R.Crim.P. 907. The court subsequently

dismissed the petition by order entered April 25, 2016. Although Garner had

requested the appointment of counsel in his *pro se* petition,[4] counsel was not

appointed before the court dismissed the petition. This appeal followed.[5]

After filing his notice of appeal, Garner filed several additional *pro se*

motions in the trial court, including: (1) a motion to dismiss counsel, although

no attorney was attached; (2) a motion to proceed *pro se*; and (3) a motion

for reconsideration of the order denying relief. The PCRA court did not address

any of these motions before the appeal was transferred to this Court.

Thereafter, on October 11, 2016, this Court entered a *per curiam* order,

---

[4] ***See*** Petition for Post-Conviction Collateral Relief, 12/10/2015, at ¶¶ 29-30.

[5] Although the order denying PCRA relief was entered on May 20, 2016, it was
not docketed until May 23, 2016. ***See*** Docket, 5/23/2016. Therefore, Garner
had until June 22, 2016, to file a timely appeal. However, Garner's notice of
appeal was not docketed until June 23, 2016, seemingly one day late.

Nevertheless, because Garner was incarcerated at the time he filed his
*pro se* notice of appeal, he may avail himself of the "prisoner mailbox rule'"
which provides that a *pro se* prisoner's document is deemed filed on the date
he delivers it to prison authorities for mailing, so long as he supplies sufficient
proof of the date of mailing. ***See Commonwealth v. Jones***, 700 A.2d 423
(Pa. 1997); ***Commonwealth v. Perez***, 799 A.2d 848 (Pa. Super. 2002).
Here, Garner dated the certificate of service, corresponding to the notice of
appeal, June 10, 2016, which was within the requisite 30-day period.
Accordingly, we conclude Garner provided sufficient proof that the notice of
appeal was timely filed.

directing the PCRA court to conduct a *Grazier*[6] hearing, and determine whether Garner's purported waiver of counsel was knowing and voluntary. *See* Order, 10/11/2016. The PCRA court complied with our directive, and, following a *Grazier* hearing, appointed present counsel to represent Garner. As noted *supra*, counsel has filed a petition to withdraw and *Anders* brief.

Prior to addressing the merits of this appeal, we must first consider whether counsel has fulfilled the procedural requirements for withdrawal. "Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a *Turner*/*Finley* 'no-merit letter' is the appropriate filing." *Commonwealth v. Reed*, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). Pursuant to *Turner*/*Finley* and their progeny:

> Counsel petitioning to withdraw from PCRA representation must … review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that … satisfy the technical demands of *Turner*/*Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

---

[6] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, counsel has complied with the procedural aspects of *Turner*/*Finley*. Although she improperly filed an *Anders* brief, as opposed to a "no merit" letter, this Court may accept such a filing "'[b]ecause an *Anders* brief provides greater protection to a defendant.'"[7] *Reed*, *supra*, 107 A.3d at 139 n.5 (quotation omitted). Furthermore, counsel provided Garner with a copy of the brief and the petition to withdraw, and Garner was advised of his right to proceed *pro se* or with private counsel.[8] *See* Motion to Withdraw, 8/18/2015, Exhibit A. Garner has not responded to counsel's petition. Therefore, we proceed to a consideration of whether the PCRA court erred in dismissing the petition. *See Doty*, *supra*.

However, our initial review of the record reveals a procedural error, which, once again, compels us to remand this case for further proceedings.

_____

[7] Nevertheless, the *Anders* brief filed by counsel reads more like a "no merit" letter. *See Anders* Brief at 20-30.

[8] We note counsel's initial filing did not include a copy of the letter she sent to Garner. Therefore, by order dated May 4, 2017, we directed counsel to notify Garner of his rights and forward a copy of her notification to this Court. *See* Order, 5/4/2017. Although counsel complied, upon review, this Court found counsel's letter to Garner did not properly inform him of his right to proceed *pro se* or with retained counsel. Accordingly, on May 17, 2017, this Court entered an order permitting Garner to file a response to counsel's petition, either *pro se* or through privately retained counsel, within 30 days. Garner did not respond.

Specifically, Garner was denied the assistance of counsel in presenting his first PCRA petition.

It is axiomatic that an indigent PCRA petitioner has a rule-based right "to representation by counsel for a first petition filed under the PCRA." **Commonwealth v. Quail**, 729 A.2d 571, 573 (Pa. Super. 1999). Indeed, Pennsylvania Rule of Criminal Procedure 904 provides, in pertinent part:

> [W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

Pa. R. Crim. P. 904(C). Here, Garner asserted his indigency in his *pro se* PCRA petition, and specifically requested counsel.[9] **See** Petition for Post-Conviction Collateral Relief, 12/10/2015, at ¶¶ 29-30. Nevertheless, the PCRA court did not address Garner's request for counsel, but rather, dismissed the petition without conducting an evidentiary hearing.[10] It was not until **after** Garner filed a notice of appeal, and the PCRA court, upon directive from this Court,

---

[9] It merits mention Garner was granted *in forma pauperis* status and appointed counsel during his prior PCRA proceeding and *nunc pro tunc* direct appeal.

[10] Although this petition was technically Garner's second request for post-conviction relief, his first petition resulted in the reinstatement of his direct appeal rights. "When a petitioner is granted a direct appeal *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition is considered a first PCRA petition for timeliness purposes." **Commonwealth v. Karanicolas**, 836 A.2d 940, 944 (Pa. Super. 2003). Accordingly, pursuant to Rule 904, Garner was entitled to the appointment of counsel prior to the court's dismissal of this petition.

conducted a *Grazier* hearing, that present counsel was appointed. At that time, however, the PCRA court no longer had jurisdiction to consider an amended petition since the appeal was pending in this Court.[11] *See* Pa.R.A.P. 1701(a).

Accordingly, because Garner was not afforded his rule-based right to counsel to assist him in litigating his first PCRA petition, we are compelled to vacate the order denying PCRA relief, deny counsel's petition to withdraw, and remand for further proceedings, including the filing of a counseled, amended PCRA petition.

Order vacated, and case remanded for further proceedings. Petition to withdraw denied. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017

_____

[11] We note, too, that the order of this Court, remanding the case for a *Grazier* hearing, did not relinquish jurisdiction, but rather, only stayed the briefing schedule. The Court directed, "Upon entry of the trial court's determination [concerning Garner's request to proceed *pro se*], the Prothonotary shall establish a briefing schedule." Order, 10/13/2016.