J-S38045-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| FRANKLYN M. GEIGER, | : | |
| Appellant | : | |
| | : | No. 440 WDA 2018 |

Appeal from the PCRA Order December 29, 2017
in the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000149-2016

BEFORE:  BOWES, NICHOLS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          FILED AUGUST 30, 2018

Franklyn M. Geiger (Appellant) appeals from the order entered December 29, 2017, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we vacate the order of the PCRA court and remand for proceedings consistent with this memorandum.

On September 8, 2016, Appellant pled guilty at docket number 149 of 2016 to two counts of possession with intent to deliver marijuana and/or oxycodone; one count of criminal use of a communication facility; one count of corrupt organizations; one count of buying/exchanging federal food stamps; and one count of cruelty to animals.  Plea Agreement, 9/8/2016, at 1; N.T., 9/8/2016, at 9-11.  As part of the plea agreement, Appellant agreed to forfeit his animals to Paws Along the River Humane Society and to forfeit

_____
* Retired Senior Judge assigned to the Superior Court.

various items of personal property to the Warren County District Attorney's Office / Warren County Drug Task Force. Id.; see also Order Granting Commonwealth's Motion for Consent Order, 9/9/2016, at 1-2. In exchange for the foregoing, the Commonwealth nolle prossed the remaining charges at docket number 149 of 2016, as well as charges at docket number 150 of 2016.[1] Plea Agreement, 9/8/2016, at 1; N.T., 9/8/2016, at 9; Order Granting Commonwealth's Motion for Nolle Prosequi, 11/1/2016, at 1. The Commonwealth also amended the criminal information to add more specific facts. N.T., 9/8/2016, at 9; Order Granting Commonwealth's Motion to Amend Information, 9/8/2016; Amended Information, 9/12/2016.

On October 28, 2016, the trial court sentenced Appellant to:

- 11 to 22 months of incarceration for possession with intent to deliver at count 1;

- 24 to 48 months of incarceration for possession with intent to deliver at count 5, to be served consecutive to the sentence at count 1;

- 15 to 30 months of incarceration for criminal use of a communications facility at count 7, to be served consecutive to the sentence at count 5;

---

[1] The record does not reveal any further details regarding docket number 150 of 2016.

⟩ 30 to 60 months of incarceration for corrupt organizations at count 18, to be served consecutive to the sentence at count 7;

⟩ 11 to 22 months for buying/exchanging food stamps at count 20, to be served consecutive to the sentence at count 18;

⟩ 1 to 2 months of incarceration for cruelty to animals at count 25, to be served consecutive to the sentence at count 20.[2]

N.T., 10/28/2016, at 23; Amended Sentencing Order, 12/5/2018, at 3. In the aggregate, Appellant's sentence totaled 92 months to 184 months of incarceration. Id.

Appellant timely filed a post-sentence motion, which was denied on January 5, 2017. On February 2, 2017, Appellant's counsel filed a motion for an extension of time for Appellant to file an appeal along with a motion to withdraw as Appellant's counsel. That same day, the trial court allowed

---

[2] The trial court issued an original sentencing order on October 31, 2016, but amended it on December 5, 2018, to order the sentence for cruelty to animals at count 25 to be served consecutive to the sentence at count 20, instead of the sentence at count 18 as it appeared in the original sentencing order. Compare Amended Sentencing Order, 12/5/2016, at 3 with Sentencing Order, 10/28/2016, at 3. This amendment occurred beyond the 30-day period allotted to the trial court to modify its orders pursuant to 42 Pa.C.S. § 5505. No explanation appears in the record, but it appears that the trial court may have been correcting a mistake of the clerk in drafting the order, as the trial court orally ordered the sentence for cruelty to animals to be served consecutive to count 20 at the sentencing hearing. See N.T. 10/28/2016, at 23; Commonwealth v. Klein, 781 A.2d 1133, 1135 (Pa. 2001) (holding that 42 Pa.C.S. § 5505 "must be read in conjunction with a court's inherent powers … to correct mistakes of the clerk or other officer of the court … even after the lapse of the term") (citation and internal quotation marks omitted).

Appellant's counsel to withdraw and gave Appellant an extra 30 days to file a notice of appeal.[3]  However, no direct appeal was filed.

On June 25, 2017, Appellant timely filed pro se a PCRA petition.  John R. Thomas, Esquire was appointed to represent Appellant.  Instead of amending the petition, Attorney Thomas filed a request to withdraw and a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).  On December 5, 2017, the PCRA court notified Appellant pursuant to Pa.R.Crim.P. 907 that it intended to dismiss the petition because Appellant's claims presented no genuine issue of material fact and lacked merit.  Rule 907 Notice, 12/5/2017, at 1.  Although the PCRA court referenced counsel's motion with withdraw and no-merit letter in its Rule 907 notice, the PCRA court did not expressly rule upon the Turner/Finley motion.  Id.  On December 27, 2017, Appellant filed pro se a response to the Turner/Finley no-merit letter and the Rule 907 notice.[4]  Response to No Merit Letter and

---

[3] The was error; a trial court lacks the authority to extend the time period for appeal.  See Commonwealth v. Coolbaugh, 770 A.2d 788, 791 (Pa. Super. 2001); see also Commonwealth v. Perez, 799 A.2d 848, 851 (Pa. Super. 2002) ("Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace.").

[4] Rule 907(a) provides for a 20-day timeframe to respond to the proposed dismissal.  Pa.R.Crim.P. 907(a).  Because the 20-day deadline fell on both a Sunday and a holiday, Appellant had until December 26, 2017, to respond. Although Appellant did not file the response until December 27, 2017, it appears that the trial court gave Appellant the benefit of the prisoner mailbox rule and considered his response.  See Order, 12/29/2017, at 1
(Footnote Continued Next Page)

Rule 907 Notice, 12/27/2017. In his answer, Appellant included a motion for leave to amend his PCRA petition. Id. at 8-11. On December 29, 2017, the trial court dismissed the PCRA petition without ruling upon Appellant's motion to amend his PCRA petition or counsel's Turner/Finley motion to withdraw. Order, 12/29/2017, at 1.

Appellant timely filed pro se a notice of appeal. Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant raises the following issues on appeal:

> [1.] Is Appellant's plea to the corrupt organization offense involuntary, where [plea] counsel was ineffective for failing to investigate the facts alleged by the Commonwealth and thereafter not objecting to a lack of factual basis for the corrupt organization [charge]?
>
> [2.] Is Appellant's plea to the cruelty to [] animals offense involuntary, where [plea] counsel was ineffective for failing to investigate the facts alleged by the Commonwealth and thereafter not objecting to a lack of factual basis for the cruelty to animals [charge]?
>
> [3.] Was [plea] counsel ineffective for failing to object to the inaccurate and/or incorrect information contained in the [p]re-[s]entence [i]nvestigation (PSI) report?
>
> [4.] [Are] Appellant's consecutive sentences for the possession with intent to deliver and corrupt organization illegal and should [they] have merged for sentencing purposes?

(Footnote Continued) ————————

(referencing Appellant's response); Commonwealth v. Woods, 179 A.3d 37, 41 n.5 (Pa. Super. 2017) (stating that a pro se filing by an incarcerated prisoner is deemed filed on the date the prisoner deposits it with the prison authorities and/or places it in the prison mailbox).

[5.] Is Appellant's jail term for the cruelty to animals offense illegal and in violation of the plea agreement as advised by [plea] counsel?

Appellant's Brief at 3 (numbering supplied; trial court answer omitted).

Before we reach these issues, we observe that neither the Rule 907 notice of intent to dismiss nor the order dismissing Appellant's PCRA petition expressly states that Attorney Thomas was allowed to withdraw.

Appellant is entitled to counsel on a first PCRA petition, which includes representation throughout an appeal. See Pa.R.Crim.P. (904)(F)(2); Commonwealth v. Robinson, 970 A.2d 455 (Pa. Super. 2009) (en banc). Once the PCRA court appoints counsel to represent a PCRA petitioner, formal leave of court is required before counsel may be deemed to have withdrawn. See Commonwealth v. Quail, 729 A.2d 571, 573 (Pa. Super. 1999). Because the law in this Commonwealth prohibits hybrid representation in PCRA proceedings and on appeal, Appellant cannot operate pro se if he is still represented by counsel. Commonwealth v. Willis, 29 A.3d 393, 400 (Pa. Super. 2011).

Of course, counsel is not required to defend a meritless claim. "When, in the exercise of his professional judgment, counsel determines that the issues raised under the [PCRA] are meritless, and when the [PCRA] court concurs, counsel will be permitted to withdraw and the petitioner may proceed pro se, or by privately retained counsel, or not at all." Turner, 544 A.2d at 928–29. Because the PCRA court determined that Appellant's

petition had no merit, it would appear to be a mere formality that the PCRA court did not include in the Rule 907 notice of intent to dismiss or its final order that it granted counsel's request to withdraw.[5] Nevertheless, such formality is required.

Furthermore, Appellant requested leave to amend his PCRA petition in his response to the Turner/Finley no-merit letter and Rule 907 notice, but the PCRA court never expressly ruled upon Appellant's motion to amend before dismissing his petition. Although the PCRA court clearly received Appellant's response, see Order, 12/29/2017, at 1, there is no indication that the PCRA court considered Appellant's request to amend his PCRA petition.[6] Under Pa.R.Crim.P. 905(A), a PCRA court may grant leave to amend a petition "at any time." Commonwealth v. Boyd, 835 A.2d 812, 816 (Pa. Super. 2003) (emphasis in original) (noting it was within the PCRA court's discretion to consider supplemental issues raised by petitioner after counsel was permitted to withdraw pursuant to Turner/Finley). C.f. Commonwealth v. Rigg, 84 A.3d 1080, 1085 (Pa. Super. 2014) ("Where a

---

[5] In fact, the PCRA court appears to be operating under the mistaken belief that it did grant counsel's motion to withdraw. In its Pa.R.A.P. 1925(a) opinion, the PCRA court states it granted counsel's petition to withdraw in its Rule 907 notice, despite no express language appearing in the Rule 907 Notice. PCRA Court Opinion, 2/8/2018, at 3.

[6] Indeed, in its Pa.R.A.P. 1925(a) opinion, the PCRA court states Appellant waived the fourth and fifth issues Appellant presents on appeal by not raising them in his PCRA petition, but never mentions Appellant's attempt to amend his petition to include such claims. PCRA Court Opinion, 2/8/2018, at 9-10.

petitioner does not seek leave to amend his petition after counsel has filed a Turner/Finley no-merit letter, the PCRA court is under no obligation to address new issues."). Amendment of a petition should be "freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). Rule 905(A) has been interpreted to "expressly allow [ ] a [PCRA] court substantial latitude to permit the amendment of the petition at any time after the petition's initial filing." Boyd, 835 A.2d at 816.

Thus, we are compelled to vacate the PCRA court's December 29, 2017 order dismissing Appellant's petition, and remand for the court to rule on counsel's pending petition to withdraw. If counsel is allowed to withdraw, Appellant may re-file pro se his motion for leave to amend the PCRA petition,[7] and the PCRA court shall consider and rule upon such motion prior to ruling upon the claims in Appellant's original PCRA petition.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

---

[7] Re-filing is necessary because without leave of court to withdraw, Attorney Thomas still represented Appellant at the time he filed the motion to amend. Generally, pro se filings by represented parties have no legal effect and are legal nullities. Commonwealth v. Williams, 151 A.3d 621, 623 (Pa. Super. 2016).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/30/2018