J-S07021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID REYES | : | |
| | : | |
| Appellant | : | No. 1621 EDA 2019 |

Appeal from the PCRA Order Entered May 3, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001249-2013

BEFORE:   NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.:                              Filed:May 21, 2020

Appellant, David Reyes, appeals *pro se* from the order entered in the

Philadelphia County Court of Common Pleas, which denied his first petition

filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-

9546.  For the following reasons, we vacate and remand with instructions.

In its opinion, the PCRA court sets forth the relevant facts and

procedural history of this case as follows:

> On January 8, 2015, a jury…convicted [Appellant] on charges of
> first-degree murder, violations of the Uniform Firearms Act, and
> possessing an instrument of crime.  Immediately after entry of
> the jury's verdict, [Appellant] was sentenced to life
> imprisonment without the possibility of parole, as well as an
> aggregate concurrent imprisonment term of eight and one-half
> (8½) to seventeen (17) years.  [Appellant] filed a notice of
> appeal on February 2, 2015, and, on February 14, 2017, the
> Superior Court affirmed the judgment of sentence.  On March 1,

---

[*] Retired Senior Judge assigned to the Superior Court.

2017, [Appellant] filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on August 8, 2017.

On March 6, 2018, a [PCRA] petition was filed by then [privately retained] counsel, Jack McMahon, Jr., Esquire. On March [13], 2019, newly-appointed counsel, George S. Yacoubian, Jr., filed a "no-merit" letter pursuant to ***Pennsylvania v. Finley***, 481 U.S. 551 (1987) and ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988).

(PCRA Court Opinion, filed October 29, 2019, at 1).

In the "no-merit" letter, appointed counsel stated he "reviewed [Appellant's] petition (and accompanying affidavit), docket sheet, all relevant transcripts and attempted communication with [Appellant] via written correspondence." (***Turner/Finley*** letter, filed 3/13/19, at 1). Counsel further stated: "I have informed [Appellant] that, in my opinion, there is no viable PCRA claim, and that in the event his petition is dismissed pursuant to [***Turner/***]***Finley*** he will no longer be eligible for court-appointed counsel but could represent himself or retain counsel." (***Id.***) Although counsel copied Appellant on the ***Turner/Finley*** letter, the record lacks any certificate of service indicating counsel provided the letter to Appellant. Additionally, counsel did not file a separate petition to withdraw.

On March 18, 2019, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The Rule 907 notice order demonstrates the court addressed the order to appointed counsel and copied Appellant on it. The order, however, lacks any certificate of service. On March 29, 2019, Appellant filed a *pro se*

- 2 -

motion for an extension of time to respond to the court's Rule 907 notice. In the motion, Appellant stated that he presumed appointed counsel no longer represented him due to counsel's filing of a "no-merit" letter. Consequently, Appellant intended to proceed *pro se* and requested an extension of time to obtain and review the PCRA petition and trial transcripts. Appellant filed *pro se* motions for transcripts and to proceed *in forma pauperis* on April 23, 2019. On April 26, 2019, Appellant filed a second *pro se* motion for an extension of time, after failing to receive any documents from appointed counsel. The PCRA court did not rule on any of Appellant's *pro se* motions. Rather, on May 3, 2019, the court issued an order dismissing Appellant's PCRA petition. Significantly, the May 3rd order did not specifically permit appointed counsel to withdraw.

Appellant's former privately-retained counsel filed a notice of appeal on Appellant's behalf, docketed at 1503 EDA 2019, on May 16, 2019. On May 21, 2019, Appellant filed a motion in the PCRA court to discharge court-appointed counsel and for leave to proceed *pro se*. The PCRA court did not rule on this motion. On May 23, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant filed a *pro se* notice of appeal, docketed at 1621 EDA 2019, on May 29, 2019, and a *pro se* Rule 1925(b) statement on May 31, 2019. On June 10, 2019, Appellant filed in this Court an application for relief, seeking to proceed *pro se*. This Court remanded the matter on July 2,

2019, for a ***Grazier***[1] hearing and on August 13, 2019, the PCRA court permitted Appellant to proceed *pro se*. On September 3, 2019, this Court discontinued as duplicative the appeal at 1503 EDA 2019, initiated by Appellant's former privately-retained counsel.

Appellant raises the following issues for our review:

> DID THE PCRA COURT ABUSE ITS DISCRETION IN *SUA SPONTE* REMOVING PRIVATELY RETAINED COUNSEL AND APPOINTING NEW PCRA COUNSEL?
>
> DID THE PCRA COURT ERR IN FAILING TO PROVIDE APPELLANT WITH NOTICE WHEN IT, *SUA SPONTE*, REMOVED PRIVATELY RETAINED COUNSEL AND APPOINTED NEW PCRA COUNSEL?
>
> DID THE PCRA COURT ERR AS A MATTER OF LAW IN NOT GRANTING COURT APPOINTED COUNSEL'S REQUEST TO WITHDRAW AT THE TIME IT ISSUED ITS [RULE] 907 NOTICE OF INTENT TO DISMISS THE PETITION BASED ON COUNSEL'S "NO MERIT" LETTER?
>
> DID THE PCRA COURT ERR AS A MATTER OF LAW AND DENY APPELLANT THE FUNDAMENTAL CONCEPTS OF DUE PROCESS IN FAILING TO RULE ON ANY OF HIS PROPERLY FILED *PRO SE* MOTIONS?
>
> DID THE PCRA COURT ERR IN SUMMARILY DISMISSING THE PCRA PETITION BASED SOLELY ON PCRA COUNSEL'S DEFICIENT ***TURNER/FINLEY*** "NO MERIT" LETTER WHERE COUNSEL MISAPPREHENDED THE ONE ISSUE OF TRIAL COUNSEL'S INEFFECTIVENESS RAISED IN THE PETITION?

(Appellant's Brief at 4-5).

Preliminarily, before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel

---

[1] ***Commonwealth v. Grazier,*** 552 Pa. 9, 713 A.2d 81 (1998).

to file a "no-merit" brief or letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). *Commonwealth v. Karanicolas*, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner/Finley* request or an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (internal citations omitted).

Furthermore,

> [D]ue process requires the post-conviction process to be fundamentally fair, even though procedural due process protections for PCRA proceedings are less stringent than they are for a trial or direct appeal. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007). "Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Id.* at 398, 930 A.2d at 1273.
>
> Pennsylvania law makes clear:

> While a PCRA petitioner does not have a Sixth Amendment right to assistance of counsel during collateral review, this Commonwealth, by way of procedural rule, provides for the appointment of counsel during a [petitioner's] first petition for post conviction relief. Pursuant to our procedural rule, not only does a PCRA petitioner have the "right" to counsel, but also he has the "right" to effective assistance of counsel. The guidance and representation of an attorney during collateral review should assure that meritorious legal issues are recognized and addressed, and that meritless claims are foregone.

*Commonwealth v. Haag*, 570 Pa. 289, 307-08, 809 A.2d 271, 282-83 (2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003) (internal citations and most quotations marks omitted). The rule-based right to counsel and to effective assistance of counsel extends throughout the post-conviction proceedings, including any appeal from the disposition of the PCRA petition. *Commonwealth v. Quail*, 729 A.2d 571, 573 (Pa.Super. 1999); Pa.R.Crim.P. 904(E). "[O]nce counsel has entered an appearance on a [petitioner's] behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance." *Id.*

Rule 907 controls the disposition of a PCRA petition without a hearing…. The purpose of a Rule 907 pre-dismissal notice is "to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." *Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa.Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013). The response to the Rule 907 notice "is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment." *Id.* The response is also the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level. *Id.* When a PCRA court properly issues Rule

907 notice in compliance with the rules of criminal procedure, an appellant is deemed to have sufficient notice of dismissal. ***Commonwealth v. Ousley***, 21 A.3d 1238, 1246 (Pa.Super. 2011), *appeal denied*, 612 Pa. 698, 30 A.3d 487 (2011).

"Absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." ***Commonwealth v. Ford***, 44 A.3d 1190, 1201 (Pa.Super. 2012). A petitioner's failure to raise an ineffectiveness of counsel claim after receiving Rule 907 notice results in waiver of the claim. ***Commonwealth v. Pitts***, 603 Pa. 1, 9 n.4, 981 A.2d 875, 880 n.4 (2009). ***See also Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa.Super. 2014) (waiving Appellant's claim of ineffectiveness of derivative PCRA counsel for failure to assert it in response to Rule 907 notice); ***Ousley, supra*** at 1245 (stating ***Pitts*** prohibits this Court's review of petitioner's ineffectiveness of PCRA counsel claim, where issue was raised for first time in PCRA appeal).

***Commonwealth v. Smith***, 121 A.3d 1049, 1053-54 (Pa.Super. 2015), *appeal denied*, 635 Pa. 763, 136 A.3d 981 (2016).

Instantly, the record demonstrates that court-appointed counsel filed a ***Turner/Finley*** "no-merit" letter without the required separate petition to withdraw as counsel. ***See Wrecks, supra***. Additionally, counsel failed to properly advise Appellant of his right to respond. In the "no-merit" letter, counsel stated: "I have informed [Appellant] that, in my opinion, there is no viable PCRA claim, and **that in the event his petition is dismissed** pursuant to [***Turner/***]***Finley*** he will no longer be eligible for court-appointed counsel but could represent himself or retain counsel." (***See Turner/Finley*** letter, filed 3/13/19, at 1) (emphasis added). The "no-

merit" letter incorrectly informed Appellant that his rights were conditioned on the court dismissing his PCRA petition. As a result, court-appointed counsel did not provide Appellant an adequate opportunity to respond to counsel's "no-merit" letter. *See Commonwealth v. Bush*, 197 A.3d 285, 287-88 (Pa.Super. 2018) (vacating and remanding due to non-compliance with *Turner*/*Finley* requirements where counsel's no-merit letter informed appellant that his right to proceed *pro se* or by new counsel took effect only if withdrawal was permitted by the PCRA court). Thus, counsel failed to comply with the technical requirements of *Turner/Finley*. *See Wrecks, supra*.

Further, after the filing of the "no-merit" letter, the PCRA court issued Rule 907 notice, addressed to appointed counsel. Though the notice mentioned counsel's "no-merit" letter, it was silent as to whether counsel still represented Appellant or whether Appellant had the right to respond *pro se* or through privately-retained counsel. In response to the Rule 907 notice, Appellant filed *pro se* several motions seeking an extension of time to file a *pro se* response. The PCRA court, however, did not rule on any of these motions; the court simply dismissed Appellant's PCRA petition. In its order dismissing Appellant's petition, the court also failed to state expressly that counsel was permitted to withdraw.

Under these circumstances, the PCRA court's and court-appointed counsel's collective errors deprived Appellant of a meaningful opportunity to

respond to counsel's "no-merit" letter and the court's Rule 907 notice. ***See Bennett, supra***; ***Rykard, supra***. Therefore, we vacate the PCRA court's order dismissing Appellant's petition, and remand for court-appointed counsel to file a proper motion to withdraw and amended ***Turner/Finley*** letter that properly advises Appellant of his rights. If the PCRA court subsequently issues Rule 907 notice, it must afford Appellant an opportunity to respond within the requisite timeframe, and rule on any *pro se* motions Appellant might file. The court must also expressly rule on counsel's motion to withdraw. Accordingly, we vacate and remand for further proceedings.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/20